**Thelma Judith REVOLORIO–OVALLE, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 10–72765.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 19, 2012.*

Filed Dec. 28, 2012.

Scott Allen Marks, Law Offices of Scott A. Marks, Seattle, WA, for Petitioner.

Linda Y. Cheng, Trial, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

MEMORANDUM **

Thelma Judith Revolorio–Ovalle, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' order dismissing her appeal from an immigration judge's decision denying her application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings,

*Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir.2009), and deny the petition for review.

Revolorio–Ovalle fears harm from the people who killed her husband, but she testified that she does not know who killed him, and she did not testify as to why he was killed. We reject Revolorio–Ovalle's contention that she established past persecution in light of our prior decision. *See Revolorio–Ovalle v. Gonzales*, No. 06–70990, 236 Fed.Appx. 295 (9th Cir. June 6, 2007). Substantial evidence supports the agency's finding that Revolorio–Ovalle failed to establish a well-founded fear of future persecution on account of a protected ground. *See Ochave v. INS*, 254 F.3d 859, 865–66 (9th Cir.2001) (asylum generally is not available to victims of civil strife, unless they are singled out on account of a protected ground). Accordingly, Revolorio–Ovalle's asylum claim fails.

Because Revolorio–Ovalle failed to meet the lower burden of proof for asylum, her claim for withholding of removal necessarily fails. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir.2006).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.